Vincent A. Lupianio, J.
This is a proceeding commenced pursuant to article 78 of the Civil Practice Law and Buies to review the final order and determination of the City Bent and Behahilitation Administrator, who denied petitioner’s application for decontrol of 16 newly-created apartment units. The petitioner purchased the subject premises on November 21,1961 for $20,000. At the time, the premises were completely vacant except for occupancy by the owner of one apartment which he vacated on the day title closed. Thereafter, petitioner commenced work to convert the 4-story building consisting of 8 5-room “railroad” apartments into a modern apartment dwelling, consisting of 16 apartments, pursuant to plans duly filed and approved by the Department of Buildings on October 7, 1960. Upon completion of the conversion on December 29, 1961, the landlord petitioned the Local Bent Administrator for an order of decontrol of the 16 units, in accordance with section 11 of the State Bent and Eviction Begulations.
While petitioner’s application was pending, jurisdiction over housing accommodations in the City of New York was transferred from the State Local Bent Administrator to the District Bent Director of the City Bent and Behahilitation Administration. Section 11 of the State Bent and Eviction Begulations was adopted essentially verbatim by the City Bent and Behabilitation Administrator. Except for a later modification which reduced the minimum space requirement from 410 to 395 square feet, the relevant portions of section 11, remained the same during the entire processing of the petitioner’s application.
■Section 11 (subd. a, par. [2]) provides: “ The term £ self-contained family unit ’ shall mean a housing accommodation with private access, containing two or more rooms, consisting of at least one bed-room and a living-room, dining-space area in addition to a kitchen (with cooking and refrigeration facilities and a sink), a private bathroom (with a wash basin, toilet and bathtub or enclosed shower), and at least one closet plus an additional closet for each bed-room. Such accommodation shall contain a minimum total area of 395 square feet exclusive of the area of bathrooms and closets. In lieu of a kitchen, the accommodation may include an enclosed kitchenette or an area in the living-room which is either recessed or semi-enclosed, *1096 provided that all of the above-specified kitchen facilities and equipment are within such recessed or semi-enclosed area. "Where, however, the landlord establishes that either the two-room or total floor area requirement, or both, cannot be complied with because of unique or peculiar circumstances, the Administrator may waive this requirement if he finds that such waiver is not inconsistent with the purposes of the Bent Law and these Begulations and would not be likely to result in the circumvention or evasion thereof.”
In an effort to qualify for a waiver within the purview of section 11, the petitioner, in addition to other exhibits, has appended to and submitted, as an integral part of his application, two affidavits, one by the architect who devised the plans for conversion of the premises and one by the engineer who supervised the construction work. In essence, both stated that because of the design of the original foundation and the size of the plot, and other factors which include Multiple Dwelling Law requirements, the plans for conversion as adopted and carried out represent the ‘‘ only feasible way of conversion ’ ’.
Petitioner’s application was denied both by the Local and City Bent Administrators and review was sought in this court pursuant to article 78 of the former Civil Practice Act. By order of this court (Francis T. Murphy, J.; opinion 40 Misc 2d 89) dated August 1,1963, the matter was remanded to respondent for further proceedings. The court, inter alia, said (p. 91) ‘1 Examination of the record * * * discloses that the only basis articulated by the rent agency for such denial consisted of a statement * * * ‘ as the landlord started the alteration after July 1, 1961 with full knowledge [of the relevant regulations] no waiver can be granted ’.” The court considered this reason ‘1 tenuous and in its present stark form, tangential ’ ’, and held that the record before it was “ barren of any reason for the action taken by the Administrator ”.
Bespondent after alleged reconsideration has again denied to petitioner the requested orders of decontrol. Upon the record before me, respondent has again failed to offer any cogent reason for refusing to grant the application of petitioner. Moreover, the same reason is presently offered which was found to be insufficient by the previous court.
There is no question that the basic issue herein is whether petitioner falls within the alternative waiver provision contained in section 11 of the Bent Begulations. Concededly, petitioner has not converted all of the apartments in the premises in accordance with the two-room or total floor area requirement of section 11 of the Bent, Eviction and Behabilitation *1097 Regulations, but prima facie it has submitted sufficient evidence for a waiver which imposes a duty upon respondent to affirmatively set forth a reasonable basis for denial thereof.
Petitioner sets forth the following extraordinary, unique and peculiar circumstances: (a) complete change of position by landlord, relying on the regulations in existence when the plans were approved by Building Department; (b) purchase of a dilapidated, broken-down building, completely vacant, without income, for a price of $20,000, much beyond its value for rental purposes as it existed; (c) substantial sum of money ($52,000) to completely alter the building into a proper housing accommodation; (d) no dislocation or dispossessing of a tenant; (e) conversion from uninhabitable to habitable; (f) increase of self-contained units; (g) certificate of occupancy for 16 units by Building Department; (h) proper showing that regulations could not be completely complied with; (i) consent by all of the tenants to an order of decontrol; (j) increase in assessed valuation and increase in taxes; and other reasons which when taken together establish ample reason for granting the waiver herein sought.
On the other hand, respondent insists on setting forth the same reason heretofore rejected by this court.
In view of the overwhelming facts and evidence submitted by petitioner, I cannot, in all of the circumstances, accept respondent’s basis for refusing to grant the waiver as reasonable ; such refusal is arbitrary, capricious, unreasonable and a clear abuse of discretion.
Accordingly, the application is granted.